OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 28, 2002

The Honorable Robert Junell
Chair, Committee on Appropriations
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0548

Re:  Whether, under section 1701.356 of the Occupations Code, an honorably retired peace officer within the State Park Law Enforcement Program holds an active license, without the need for further continuing-education under section 1701.351 of the same code  (RQ-0522-JC)

Dear Representative Junell:

Generally, a peace officer who takes "a break in employment" but who wishes to resume service as a peace officer must reactivate his or her license in accordance with rules of the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE"). TEX. OCC. CODE ANN. § 1701.316(a) (Vernon 2002); see 37 TEX. ADMIN. CODE § 217.19 (2002) (TCLEOSE, "Reactivation of a License"). In addition, an active, licensed peace officer generally must complete at least forty hours of continuing-education programs every twenty-four months. See TEX. OCC. CODE ANN. § 1701.351(a) (Vernon 2002); 37 TEX. ADMIN. CODE § 217.11 (2002) (TCLEOSE, "Legislatively Required Continuing Education for Licensees"). But section 1701.356 of the Occupations Code exempts from the reactivation and continuing-education requirements "[a]n honorably retired commissioned officer of the Department of Public Safety who is a special ranger . . . or retired state employee." TEX. OCC. CODE ANN. § 1701.356 (Vernon 2002). You ask whether a peace officer in the State Park Law Enforcement Program is exempt from the reactivation and continuing-education requirements under section 1701.356.[1] Presuming that you ask only about a retired officer, we conclude that a peace officer who has retired from the State Park Law Enforcement Program is a "retired state employee" whom section 1701.356 exempts from the statutory reactivation and continuing-education requirements. See id.

An individual may not be appointed to serve as a peace officer in Texas unless he or she has obtained an "appropriate license" from TCLEOSE. Id. § 1701.301; see 37 TEX. ADMIN. CODE § 217.1 (2002) (TCLEOSE, "Minimum Standards for Initial Licensure"). An appointment to serve

---

[1]Letter from Honorable Robert Junell, Chair, Committee on Appropriations, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Mar. 6, 2002) [hereinafter Request Letter] and enclosed Letter from John W. Culbertson to Honorable Robert Junell, Texas House of Representatives (Mar. 1, 2002) [hereinafter Culbertson Letter] (documents on file with Opinion Committee).

as a peace officer, as well as a termination of appointment, must be reported to TCLEOSE, *see* TEX. ADMIN. CODE § 217.7 (2002) (TCLEOSE, "Reporting the Appointment and Termination of a Licensee"), and TCLEOSE will place a license that has not been reported "as appointed for more than two years" in an inactive status, *see id.* § 217.19(a) (TCLEOSE, "Reactivation of a License"); *see also id.* § 217.19(d) (stating that inactive license-holder is unlicensed for purposes of chapter 1701, Occupations Code). An inactive licensee who desires to reactivate his or her peace officer license must comply with TCLEOSE rules for reactivation, which require course work and an examination:

> (g) Before individuals with inactive licenses may be appointed they must:
>
> (1) meet the current licensing standards, with successful completion of a basic licensing course current at the time of initial licensure; fulfilling this requirement;
>
> (2) successfully complete the legislatively required continuing education for the current training cycle[;]
>
> (3) make application and submit any required fee(s) for an endorsement in the format currently prescribed by the commission;
>
> (4) obtain an endorsement, issued by the commission, giving the individual eligibility to take the required licensing examination; and
>
> (5) pass the licensing examination for the license to be reactivated. If failed three times, the applicant may not be issued another endorsement of eligibility until successful completion of the current basic licensure course.

26 Tex. Reg. 7995 (2001), *corrected* 26 Tex. Reg. 9435, *adopted* 27 Tex. Reg. 481 (2002) (amending 37 TEX. ADMIN. CODE § 217.19) (TCLEOSE, "Reactivation of a License"); *see also* TEX. OCC. CODE ANN. § 1701.316(a) (Vernon 2002) (requiring TCLEOSE to regulate reactivation of peace officer's license).

Section 1701.351 of the Occupations Code requires a licensed peace officer in Texas to complete "at least [forty] hours of continuing education programs once every [twenty-four] months." TEX. OCC. CODE ANN. § 1701.351(a) (Vernon 2002); *accord* 37 TEX. ADMIN. CODE § 217.11(a) (2002) (TCLEOSE, "Legislatively Required Continuing Education for Licensees"). While TCLEOSE may waive the continuing-education requirement "when mitigating circumstances exist," in general TCLEOSE may suspend the license of a peace officer who fails to comply with the continuing-education requirement. TEX. OCC. CODE ANN. § 1701.351(a), (b) (Vernon 2002); *see*

*also* 37 TEX. ADMIN. CODE § 217.15 (2002) (TCLEOSE, "Waiver of Legislatively Required Continuing Education"). *But see* TEX. OCC. CODE ANN. § 1701.351(c) (Vernon 2002) (requiring TCLEOSE to credit peace officer who serves as elected legislator).

Section 1701.356 of the Occupations Code exempts certain peace officers from the reactivation and continuing-education requirements, however:

> An honorably retired commissioned officer of the Department of Public Safety who is a special ranger under Section 411.023, Government Code, or retired state employee and who holds a permanent license issued before January 1981 and that was current on January 1, 1995:
>
> (1) has the same rights and privileges as any other peace officer of this state;
>
> (2) holds, notwithstanding Section 1701.316 [requiring TCLEOSE to regulate reactivation], an active license unless the license is revoked, suspended, or probated by the commission for a violation of this chapter; and
>
> (3) is not subject to Section 1701.351 [requiring continuing education].

*Id.* § 1701.356.

You ask whether section 1701.356 of the Occupations Code exempts a peace officer within the State Park Law Enforcement Program from the reactivation and continuing-education requirements. *See* Request Letter, *supra* note 1, at 1; Culbertson Letter, *supra* note 1, at 1. We presume that the State Park Law Enforcement Program is a state employer.

The director of the Parks and Wildlife Commission is authorized to commission "as peace officers any of the employees provided for in the general appropriations act." TEX. PARKS & WILD. CODE ANN. § 11.019(a) (Vernon 2002); *see also id.* § 11.018 (authorizing director to appoint law enforcement officers "authorized by appropriations and necessary for administering" department's duties and services). Law enforcement officers whom the director of the Parks and Wildlife Commission has commissioned "have the same powers, privileges, and immunities as peace officers coextensive with" state boundaries. *Id.* § 11.019(b). In addition, a law enforcement officer "commissioned by the Parks and Wildlife Commission" is a peace officer for the purposes of article 2.12 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(10) (Vernon Supp. 2002); *see also* TEX. OCC. CODE ANN. § 1701.001(4) (Vernon 2002) (defining "peace officer" as person who is "elected, employed, or appointed as a peace officer under" Code of Criminal Procedure article 2.12). You suggest that peace officers within the State Park Law Enforcement

Program were overlooked when section 1701.356 was codified in 1999 and are no longer within the exemption. *See* Culbertson Letter, *supra* note 1, at 1.

We assume, first, that you ask only about retired officers who held permanent licenses issued before January 1981 and current on January 1, 1995, and who were employed by the Texas Parks and Wildlife Commission. We assume, second, that the officers about whom you ask are not special rangers under section 411.023 of the Government Code. That section authorizes the Public Safety Commission to "appoint as special rangers honorably retired commissioned officers of the" Department of Public Safety "and not more than 300 other persons." TEX. GOV'T CODE ANN. § 411.023(a) (Vernon Supp. 2002); *see also id.* § 411.001(1), (2) (defining "Commission" and "Department"). A special ranger is subject to Commission and gubernatorial orders, but may enforce only laws designed to protect life and property. *See id.* § 411.023(b).

Given our assumptions, the issue is whether a peace officer who has retired from employment with the State Park Law Enforcement Program is within the phrase "retired state employee" in section 1701.356. The resolution of this issue depends upon whether we read "retired state employee" as a kind of "honorably retired commissioned officer" ("An honorably retired commissioned officer of the Department of Public Safety who is a special ranger" or "[a]n honorably retired commissioned officer . . . who is a . . . retired state employee"), or whether we read the phrase "retired state employee" as second category of individual, alternative to an "honorably retired commissioned officer . . . who is a . . . special ranger" ("An honorably retired commissioned officer . . . who is a special ranger," in addition to a "retired state employee"). The statute is awkward in part because no article, such as the word "a," precedes the phrase "retired state employee." *See* TEX. OCC. CODE ANN. § 1701.356 (Vernon 2002).

You suggest that the ambiguity arose during the 1999 codification. *See* Culbertson Letter, *supra* note 1, at 1 ("This is in reference to the TCLEOSE Statute as revised by the 76th Legislature in HB 3155"); Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 1701.356, 1999 Tex. Gen. Laws 1431, 2223. Prior to codification, the statute (section 415.052(d) of the Government Code) applied to "*a* special ranger" or "*a* retired state employee":

> (d) Notwithstanding Subsection (c), if a permanent license was issued before January[] 1981[] to an honorably retired commissioned officer of the Department of Public Safety who is a special ranger under 411.023 or a retired state employee and the license was current on January 1, 1995, the holder of the license shall have the same rights and privileges as any other peace officer of this state and the license shall be considered active unless revoked, suspended, or probated by the commission for a violation of a provision of this chapter other than Section 415.034 [continuing-education requirement], which shall not apply to the holder of such license.

Act of May 26, 1995, 74th Leg., R.S., ch. 585, § 6, 1995 Tex. Gen. Laws 3382, 3384 (former section 415.052(d), Government Code), *repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6(b)(1), 1999 Tex. Gen. Laws 1431, 2440. The codified version moved "[a]n honorably retired commissioned officer . . . or [a] retired state employee" to the beginning of the sentence and deleted the article "a" before "retired state employee." The legislature expressly stated that the codification was intended to be nonsubstantive. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 7, 1999 Tex. Gen. Laws 1431, 2440; *cf.* OFFICE OF HOUSE, BILL ANALYSIS, Tex. H.B. 3155, 76th Leg., R.S. (1999) (stating that Texas Legislative Council took "meticulous care to ensure that no substantive change has been made in the law and to preserve any ambiguity or interpretation that may exist in current law").

In our opinion, "[a]n honorably retired commissioned officer of the Department of Public Safety who is a special ranger under Section 411.023 of the Government Code" and "[a] retired state employee" are two categories of licensees to whom section 1701.356 applies. The alternative construction would effectively refer to "[a]n honorably retired commissioned officer of the Department of Public Safety who is a . . . retired state employee and who holds . . . ." This construction repeats the word "retired" and assumes that a commissioned Department of Public Safety officer may not be a state employee. We believe it is improbable that the legislature intended such a construction, and we decline to adopt it. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998) (stating presumption that legislature intends "just and reasonable result"); *id.* § 311.023(5) (authorizing court to consider, when construing statute, particular construction's consequences). Moreover, because of the statute's ambiguity, we construe it consistently with the pre-codified version. *Cf. Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999) (stating that court will effectuate codification's unambiguous plain language where it cannot "be reconciled with prior law").

We accordingly conclude that a peace officer who has retired from the State Park Law Enforcement Program is a retired state employee whom section 1701.356 of the Occupations Code exempts from statutory reactivation and continuing-education requirements.

## S U M M A R Y

Section 1701.356 of the Occupations Code exempts from chapter 1701's reactivation and continuing-education requirements a retired state employee who holds a permanent license that was issued before January 1981 and that was current on January 1, 1995. *See* TEX. OCC. CODE ANN. § 1701.356 (Vernon 2002). Presumably, a licensed peace officer who has retired from the State Park Law Enforcement Program is a retired state employee for the purposes of section 1701.356.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee